THE STATE at Relation and to Use of R. C. DIVINE, Collector of Revenue Within and For CITY OF GREENFIELD, v. L. A. COLLIER, Appellant.

In Banc, November 20, 1923.

1. **APPELLATE JURISDICTION:** Construction of Revenue Laws: City Taxes. A determination of the legal right of a city of the fourth class to assess and collect from a resident citizen of the city a city tax on his hogs, cattle and other personal property located outside its corporate limits but within the county, involves a construction of the revenue laws, and the Supreme Court has jurisdiction of an appeal from a judgment that the city is empowered to assess and collect such tax.

2. **CITY PERSONAL TAXES:** Resident of City: Upon Property on Farm. A city of the fourth class is empowered to levy, assess and collect from a resident in the city a personal city tax on cattle, hogs, sheep, mules, machinery and other personal property situated upon and used in connection with his farm located in the county in which the city is situated..

Appeal from Dade · Circuit Court.—*Hon. Berry G. Thurman,* Judge.

AFFIRMED.

*Ben M. Neale* for appellant.

(1)  The city of Greenfield, being a city of the fourth class, has only such powers as are specifically given by law.  Authority to assess and collect taxes at the time these taxes were assessed and were collectible, was found in Sec. 9347, R. S. 1909 (now Sec. 8445, R. S. 1919).  Under this section, the city assessor is given authority to assess all property ''in such cities,'' and further on in the section it-is made the duty of the county clerk to deliver to the mayor a certified abstract from his assessment book of all property ''within such city.''  Under this section, unless property is located ''in the· city'' or ''within'' the city, it is not assessable by the city assessor, consequently, not taxable.  The farm owned by the appellant, and on which his personal property was located, could not be taxed by the city, for the reason that the farm was not ''in'' or ''within'' such city.  The only theory on which city tax could be collected on the stock and farm implements, located and used exclusively on the farm, is that because it is personal property, it has a different location from the location of the farm; its location being the same as the location, or home, of the owner.  (2)  Prior to the enactment of Secs. 11337 and 11355, R. S. 1909, the rule in Missouri was that tangible personal property, such as horses, cattle and farm implements, was assessable and taxable where it is actually located, though that *situs* might be different from the domicile of the owner.  See Plattsburg v. Clay, 76 Mo. App. 497; School District v. Bowman, 178 Mo. 654; Leavell v. Blades, 237 Mo. 695; State ex rel. v. County Court, 47 Mo. 594.  Recognizing this rule, and with the purpose, evidently, of changing it in certain respects, Sec. 11337, R. S. 1909, was enacted, requiring personal property to be  taxed  in the county in which the owner  resides.   And Section 11355 was enacted, providing that personal property of an estate, in charge of administrator, shall be taxable by and for the benefit of the school district where the deceased resided at the time of his death.  These two

sections plainly recognize the general contrary rule in Missouri, in providing two statutory exceptions to the rule. Had the Legislature not intended that these sections should operate as exceptions to the rule, how easy it would have been to have simply said that all personal property, wheresoever situate, if taxable in Missouri, should be assessed at the domicile of the owner. (3) There is a vast difference in the assessment and collection of taxes by a city of the fourth class, and by a county, school district, or other political subdivision of the State, which have exact counterparts in other political subdivisions, situated in all parts of the State. For instance, every resident of the State must live in some school district in the State, and in large part his privileges, benefits and advantages are identical. Recognizing this, our courts have held that personal property, kept by its owner on a farm in one school district, is assessable and taxable in the school district which is the domicile of its owner. Widely different from this, however, is the right of a city to assess and collect city taxes, which are used alone to carry on the city government, on property which is located exclusively without the city, and which has a *situs* of its own. (4) Surely the courts will not go to the length of holding that a city of the fourth class has a right to make a man pay city taxes on personal property which it not only does not protect or benefit, but actually forbids him keeping within the city limits, where it may receive the benefit and protection of the city government. The only theory on which taxation is permissible is, that in return for taxation, protection is afforded by the authority which the taxes help maintain, to the property on which the tax is levied. Leavell v. Blades, 237 Mo. 707.

*Fred L. Shafer* for respondent.

"A tax assessed against the person for personal estate is to be assessed to him at the place of his residence, because in contemplation of law his movable property accompanies him wherever he goes. This is

the general rule, though tangible personal property may be taxed where it is, irrespective of ownership if the statute shall so provide." Cooley on Taxation (1 Ed.) p. 269; State ex rel. v. Pearson, 273 Mo. 72; State ex rel. v. Trembrook, 145 Mo. App. 368.

RAILEY, C.—This action was commenced by plaintiff on July 6, 1918, before a justice of the peace in Center Township, in Dade County, Missouri, to recover of defendant less than $50 as personal delinquent taxes. A stipulation was filed in the justice's court, which, without caption, reads as follows:

"For the purpose of the trial of this cause both in the justice's court and upon appeal to the circuit court, the following statement of facts is stipulated to be true:

"That the city of Greenfield is a city of the fourth class, duly organized under and by virtue of the laws of the State of Missouri, and is located in Dade County, Missouri, and that R. C. Divine, the relator herein, is the duly elected, qualified and acting Collector of the Revenue of said city.

"That the defendant herein is an actual resident of said city, residing within the corporate limits thereof, in which place he has resided continuously for more than ten years.

"That the tax bill filed herein as the basis of this suit is regular in every way, and the amount stated therein is the amount the plaintiff ought to recover, providing it is entitled to recover at all under the statement of facts as herein agreed to, there being no contention as to the legality of said tax bill, nor of the manner of making the assessment, levy or other procedure leading up to the issuing of said tax bill, nor of the amount of said levy, there being but one and only one question of law at issue between the parties hereto, as follows, to-wit:

"The property forming the basis of the assessment upon which the levy for these taxes was made consisted of horses, cattle, mules, sheep, hogs, implements and machinery owned by the defendant, and kept and used up-

on a farm owned by him located outside the corporate limits of the city of Greenfield, but within the boundaries of Dade County, Missouri, and not used in any way in connection with his home in Greenfield.

"Plaintiff contends: That under the laws of the State of Missouri, the city has a right to assess, levy and collect city taxes against every resident of the city, upon all personal property which he owns or has under his control, irrespective of where said property is actually kept, whether within or without the corporate limits of the city. If this is true, the finding shall be for the plaintiff.

"Defendant contends: That the city has the right only to assess, levy and collect city taxes against residents of the city, and where it consists of live stock, implements, farm machinery and crops kept and used exclusively on a farm owned by the resident, but outside the corporate limits of the city, the assessment of such property for city taxes is unlawful even though the owner resides within the corporate limits of the city. If this is true, the finding shall be for the defendant."

The case came by appeal to the Circuit Court of Dade County, Missouri, where judgment was rendered under the stipulation aforesaid in favor of plaintiff for $44.94, as shown by the tax bill, together with ten per cent attorney fees on said amount, to be taxed and collected as other costs, etc. Defendant's motion for a new trial was overruled, and the cause duly appealed to this court.

A stipulation was filed herein waiving all technical and formal matters, which concludes as follows:

"It being expressly understood and agreed by and between the parties hereto that the one and only question, which appellant and appellee desire the Supreme Court shall consider and decide, is this: Whether the city of Greenfield, under the law, has a right to collect taxes from a citizen and resident of Greenfield, on personal property, such as horses, cattle and farm implements, owned by said citizen, but located and situated exclusively outside the city limits and on a farm belonging to said citizen."

I. The amount in controversy here is less than $50 and, hence, this court has no jurisdiction of the cause unless a construction of the revenue laws of the State is involved. [Sec. 12, Art. VI, Mo. Constitution.]

Appellate Jurisdiction.

Section 12755, Revised Statutes 1919, relating to the assessment of personal property, reads as follows:

"All personal property of whatever nature and character, situate in a county other than the one in which the owner resides, shall be assessed in the county where the owner resides, except as otherwise provided by Section 12773; and all notes, bonds and other evidences of debt made taxable by the laws of this State, held in any state or territory other than that in which the owner resides, shall be assessed in the county where the owner resides; and the owner, in listing, shall specifically state in what county, state or territory it is situate or held."

Section 8445, Revised Statutes 1919, relating to assessment of property in cities of the fourth class, reads as follows:

"In assessing property, both real and personal, in cities of the fourth class, the city assessor shall jointly, with the county assessor, assess all property in such cities, and such assessment, as made by the city assessor and county assessor jointly and after the same has been passed upon by the board of equalization, shall be taken as a basis from which the board of aldermen shall make the levy for city purposes. The assessment of the city property, as made by the city and county assessor shall conform to each other, and after such board of equalization has passed upon such assessment and equalized the same, the city assessor's books shall be corrected in red ink in accordance with the changes made by the board of equalization, and so certified by said board, and then returned to the board of aldermen: *Provided,* that in cities which do not elect an assessor the mayor shall procure from the county clerk of the county in which such city is located and it shall be the duty of such county clerk to deliver to the mayor on or before the first day of July of each

year a certified abstract from his assessment books of all property within such city made taxable by law for state purposes, and the assessed value thereof as agreed upon by the board of equalization, which abstract shall be immediately transmitted to the council, and it shall be the duty of said council to establish by ordinance the rate of taxes for the year. A lien is hereby created in favor ·of such city against any lot or lots or tract of land for any such tract assessed by such city against same, which said lien shall be superior to all other liens or encumbrances except the lien of the State for state, county or school taxes."

We are of the opinion that in passing upon the legal *right* of a city of the fourth..class to assess and collect from a citizen thereof a tax on his hogs, cattle, etc., located outside the corporate limits of said city, but within the county where such city is located, involves the construction of the revenue laws of our State within the purview of the Constitution and, hence, this court has jurisdiction over the subject-matter of the present action.

No such question as that presented here, was either raised or discussed in the case of City of Hannibal ex rel. v. Bowman, 167 Mo. l. c. 536.

II. The stipulation heretofore set out, contains the following:

"The property forming the basis of the assessment upon which the levy for these taxes was made consisted of horses, cattle, mules, sheep, hogs, implements and machinery owned by the defendant, and kept and used upon a farm owned by him located outside the corporate limits of the city of Greenfield, but within the boundaries of Dade County, Missouri, and not used in any way in connection with his home in Greenfield."

We are of the opinion, that the trial court reached a correct conclusion in its disposition of this case and that its ruling is sustained by the following authorities: 26 R. C. L. sec. 241, pp. 273-4; State ex rel. v. Pearson, 273

Mo. 1. c. 78, 199 S. W. 1. c. 943-4; State ex rel. v. Shepherd, 218 Mo. 656-7.

It is conceded in the foregoing stipulation that, "defendant herein is an actual resident of said city (Greenfield), residing within the corporate limits thereof in which place he has resided for more than ten years."

The judgment below is accordingly affirmed.

PER CURIAM:—The foregoing opinion of RAILEY, C., is hereby adopted as the opinion of Court in Banc. All of the judges concur, except *Walker* and *James T. Blair, JJ.*, who dissent.