KIRKWOOD DRUG COMPANY, Inc., a Corporation, Plaintiff-Appellant,

v.

CITY OF KIRKWOOD, a Municipal Corporation, and James M. Neely, Defendants-Respondents.

No. 50937.

Supreme Court of Missouri,

Division No. 1.

March 8, 1965.

Richard M. Stout, Kirkwood, for appellant.

John R. Barsanti, Jr., James W. Singer III, Husch, Eppenberger, Donohue, Elson & Cornfeld, St. Louis, for defendants-respondents.

WALTER H. BOHLING, Special Commissioner.

This is a declaratory judgment action by plaintiff, Kirkwood Drug Company, Inc., a corporation, against defendants City of Kirkwood, a municipal corporation, and James M. Neely, collector of said City. Plaintiff, appellant here, questions the validity of the City of Kirkwood's Ordinance No. 3636 imposing license taxes on specific businesses, trades and occupations within said City in its application to druggists and retail merchants and the effectiveness of § 304(e) thereof authorizing an investigation of the books, documents, records and papers of certain licensees to ascertain the accuracy of their returns for determining their proper annual tax. A demand by the City to inspect plaintiff's books, etc., occasioned this action. Defendants filed a Motion for Summary Judgment (Civil Rule 74.04, V.A. M.R.) based upon the allegations in plaintiff's petition, an affidavit of defendant Neely and the attached exhibits therein referred to. Interrogatories submitted by plaintiff to defendants, with the answers thereto, were filed. Defendants' Motion for Summary Judgment, after hearing, argument and submission, was sustained and the Court entered its decree and declaratory judgment in favor of the defendants and against the plaintiff, holding said Ordinance No. 3636 "valid in all respects" as it applied to plaintiff. Plaintiff appealed.

The parties say this appeal involves a construction of the revenue laws of the State and vests jurisdiction here. It has been so held. See Mo.Const. Art. V, § 3, V.A.M.S.; City of Berger v. La Boube, Mo., 260 S.W.2d 527 [1]; State to Use of Divine v. Collier, 301 Mo. 72, 256 S.W. 455 [1]. (Statutory references are to RSMo 1959 and V.A.M.S. unless otherwise indicated.)

Plaintiff operates a "retail drug and general merchandise store in the City of Kirkwood," a class three city and herein referred to as City. James M. Neely is the duly qualified and acting Collector of said City, having custody of the City's records relating to licenses under Ordinance No. 3636.

The City of Kirkwood, proceeding under § 94.110, quoted in part infra, enacted Ordinance No. 3636, a comprehensive licensing ordinance effective June 15, 1950, prohibiting the conduct of the businesses, trades and occupations specified therein without first having paid for and obtained the annual license provided for in said ordinance (§ 304(a)).

Ordinance 3636 provides for the following, among other, licenses: "Druggists 75¢ per $1,000 of annual gross business; Minimum per year $10.00." An identical license tax is imposed on "Merchants (Wholesale and Retail)."

The Ordinance, § 304(d), requires licensees, where the license is based on the annual "gross business" or "gross receipts," to file between June 1st and July 1st an estimate of his or its aggregate gross business or gross receipts for the coming fiscal year and pay the fee based on said estimate. At the close of said fiscal year, June 30th next, each such licensee must file an "adjusted return" showing said licensee's actual gross business or actual

gross receipts for said fiscal year; and any over-payment or under-payment of said tax is then adjusted by a proper refund or an additional payment.

Section 304(e), relating to the statements required by § 304(d), provides: "The City Collector or his Deputies, or such other officer as the City Council may designate, shall be and are hereby authorized to investigate the correctness and accuracy of the statement required in the preceding section, and for that purpose shall have access at all reasonable times to the books, documents, papers and records of any person or persons, firm or corporation, association or partnership making such statement in order to ascertain the accuracy thereof."

Plaintiff says § 304(e) authorizes the City to investigate a licensee's returns and inspect a licensee's records and may not stand. Plaintiff contends there is no legal grant of authority to the City to require such overly-broad inspections; and even if the City has some rights of investigation, plaintiff's rights against overly-broad inspections and to security from publicity of results should have been but was not protected by the declaratory judgment. Plaintiff here stresses Mayor, etc. City of Liberty v. Dealers Transport Co., Mo., 343 S.W.2d 40, 43 [3]; Cf. 26 U.S.C.A. § 7213(a) and (b); Cf. V.A.M.S. §§ 146.090 and 143.270. Plaintiff cites the City of Liberty case, supra, to the point that, as a general rule, courts in awarding declaratory relief should dispose "of all questions of right, status, or other legal relations encountered in adjudicating the controversy * * *;" quoting from 26 C.J.S. Declaratory Judgments § 161. See, however, Id., §§ 27, 28, 30 and M.F.A. Mut. Ins. Co. v. Hill, Mo., 320 S.W.2d 559 [9]; Tietjens v. City of St. Louis, 359 Mo. 439, 222 S.W.2d 70 [1–4]. The City of Liberty case is not determinative of the merits of any justiciable controversy here presented. Under plaintiff's other citations certain restrictions and safeguards, broadly stated, are set up against the inspection by or disclosure to third persons of information

found in a taxpayer's state income or intangible tax return by the director of revenue or any of his agents. §§ 143.270 and 146.090. And, under 26 U.S.C.A. § 7213(a), (b), it is an offense for Federal officers, employees and other specified persons to make unauthorized disclosures of information in Federal income tax returns.

Plaintiff assumes § 304(e), without stating wherein, authorizes "overly-broad" inspections and states the only restriction on the investigation is that it be conducted at a reasonable time. Section 304(e) explicitly restricts the investigation to plaintiff's records establishing the accuracy or inaccuracy of plaintiff's annual gross business in its statements filed under § 304(d), and, as plaintiff states, the investigation must be at a reasonable time.

■ "Subject to such limitations as the legislature, within constitutional limits, may deem proper to impose, power to license or impose license taxes includes: The power * * * of providing for the collection or enforcement of the payment of such fee or tax * * *." 53 C.J.S. Licenses § 10, p. 482. See also McQuillin, Municipal Corporations, 3rd ed., §§ 44.131, n 79, 10.21, n 22; 64 C.J.S. Municipal Corporations § 2074, nn 82–89.

■ Missouri cities are authorized to exercise taxing powers for corporate purposes under power granted to them by the General Assembly. Mo.Const. Art. X, § 1. The General Assembly has vested Class Three cities with "power and authority to levy and collect a license tax on * * * druggists, * * * wholesale merchants, merchants of all kinds" and other business activities. § 94.110, Laws 1953, p. 295. No question exists as to the express authority of defendant City to impose a license tax on druggists and on merchants.

Section 94.150 provides: "The enforcement of all taxes authorized by sections 94.010 to 94.180 shall be made in the same manner and under the same rules and regulations as are or may be provided by law

for the collection and enforcement of the payment of state and county taxes * * *." Missouri statutory provisions exist for investigating, examining or inspecting a taxpayer's records for the collection of proper state or county taxes. For instance: Income tax (§ 143.240); Intangible tax (§ 146.090); Cigarette tax (§ 149.090); Sales tax (§§ 144.320 and 144.330); Use tax (§§ 144.640 and 144.645); Merchants' tax (§ 150.055); Manufacturers' tax (§ 150.-325). (See also §§ 136.070–136.100 for like general powers of the state collector of revenue.)

In Ploch v. City of St. Louis, 345 Mo. 1069, 138 S.W.2d 1020, 1024 [12], a cigarette license tax ordinance provision authorizing an examination of, among other things, "cigarettes, vending machines and receptacles containing cigarettes" was considered valid, reasonable and in aid of the collection of the tax. Reasonable enactments granting taxing agencies inquisitorial powers to determine the accuracy of tax returns have been held not to conflict with the search and seizure, due process and other clauses of state and Federal constitutions. See 51 Am.Jur., Taxation, § 671, cited by plaintiff; Gange Lumber Co. v. Henneford, 185 Wash. 180, 53 P.2d 743, 103 A.L.R. 513, and Annotation at 522; Commonwealth ex rel. v. Freeman, 20 Pa. Dist. & Co. R. 314; Paducah Automotive Trades Ass'n v. City of Paducah, 307 Ky. 524, 211 S.W.2d 660 [12].

■ We hold the provisions of § 304 (e) for investigating licensees' tax returns are reasonable, in aid of the collection of the tax and authorized by § 94.150 when read in connection with other statutes, cited supra.

Section 304(a) of ordinance 3636 imposes license taxes on many different business activities. In many instances it bases the tax on a "flat sum per year"; in other instances the tax is based on a specified sum "per $1,000 of annual gross business," as is the license on druggists (plaintiff directs attention to nineteen such instances), and

in still other instances it is based on a percentage of "gross receipts" (plaintiff directs attention to seven such instances).

Plaintiff contends that since ordinance 3636 does not define the terms "gross business" and "gross receipts" or specify any difference in their meanings and since said terms have been used in the same connection in said ordinance, the ordinance is caused to be uncertain and unenforceable against plaintiff. Morgan v. Jewell Const. Co., 230 Mo.App. 425, 91 S.W.2d 638, 640 [2], and the quotation therein from Novicki v. O'Mara, 280 Pa. 411, 124 A. 672, 673, are stressed. The Morgan case states: "There is also a well settled rule of statutory construction that where different language is used in the same connection in different parts of a statute it is presumed that the Legislature intended a different meaning and effect." It would be difficult to reach a different result in the Morgan case in view of § 3357, RSMo 1929, discussed and quoted at 91 S.W.2d l. c. 641. Consult now § 287.610.

■ The provisions of ordinance 3636 point to a different result. City of Flordell Hills v. Hardekopf, Mo.App., 271 S.W.2d 256 [1], upheld a municipal license "based upon the aggregate amount of all sales" during the preceding fiscal year. We have said "courts do not declare void for uncertainty any statute susceptible of any reasonable construction which will sustain it." Leggett v. General Indemnity Exchange, 363 Mo. 273, 250 S.W.2d 710 [5]. See also State v. King, Mo., 303 S.W.2d 930, 934 [6]. A basic guide for construing statutes and ordinances is to first seek the lawmaker's intention from the whole of the act and, if possible, to effectuate that intention. Laclede Gas Co. v. City of St. Louis, 363 Mo. 842, 253 S.W.2d 832 [2]; State ex rel. Wright v. Carter, Mo., 319 S.W.2d 596 [5]; plaintiff's Morgan case, supra. The Laclede Gas Co. case, in discussing a license tax of 5% of plaintiff's "gross receipts," stated (253 S.W.2d l. c. 835): "In its usual and ordinary meaning

'gross receipts' of a business is the whole and entire amount of the receipts without deduction."

So far as involved on this issue in this case ordinance 3636 provides that no license "shall be issued for more than one year" (§ 304(f)), and "shall not issue" until the applicant "shall have paid the collector" the charge therefor (§ 304(h)). All licenses are "due and payable on the first day of July of each year at the full yearly rate and shall expire on the 30th day of June following the date of issue" (§ 304 (b)). Section 304(d), in addition to the provisions thereof hereinbefore mentioned and again referred to, states the purpose of the ordinance is to make each licensee whose license is based "on annual gross business or annual gross receipts" pay a license tax for each fiscal year "measured by his actual aggregate amount of all such business, and receipts." And § 304(k) provides that " '75¢ for $1,000' or similar terms" in said ordinance "shall be construed to mean that the license fee shall be computed upon the amount of the 'annual gross business' or 'annual gross receipts' " of the licensee.

■■ We think it plain from a reading of the whole ordinance that a practical construction of the involved terms exists and that "annual gross business" means the whole and entire amount of the licensee's business without deduction, and that "annual gross receipts" means the whole and entire amount of the licensee's receipts without deduction. Plaintiff has experienced no difficulty in the payment of its annual license tax during the fourteen years of its operation under said ordinance. In its petition and again in its brief here plaintiff applies the term "annual gross business" to occupations which deal in the purchase and resale of goods and merchandise, and the term "annual gross receipts" to occupations primarily rendering a service; for instance, electric and gas utilities.

Plaintiff's contention is overruled.

■ Section 109.180 (Laws 1961, p. 548, § 1) provides: "Except as otherwise provided by law, all state, county and municipal records kept pursuant to statute or ordinance shall at all reasonable times be open for a personal inspection by any citizen of Missouri * * *." The City, in obedience to § 109.180, permits the public to inspect all documents authorized to be inspected under said section, and plaintiff asserts in argument this is sufficient ground for reversing the judgment. Plaintiff's brief presents no point to this effect. See State v. Brookshire, Mo., 325 S.W.2d 497, 500 [4]; Sandler v. Schmidt, Mo., 263 S.W.2d 35, 38 [1]; and we read in 84 C.J.S. Taxation § 481, p. 920: "At common law tax returns or reports were open to public inspection" and in the absence of statute it has been held they are "not possessed of such privacy as to justify a denial of their inspection where it would clearly be expedient for the public good." Plaintiff's position is not established.

■ There is no showing of record that defendants seek an investigation of plaintiff's records in excess of that authorized by § 304(e) of ordinance 3636, or to make any matters public beyond information within said ordinance and § 109.180. It would be premature to enter an advisory opinion on hypothetical situations which may never occur. M.F.A. Mutual Ins. Co. v. Hill, Mo., 320 S.W.2d 559, 564; Annotation, 11 A.L.R.2d 367, § 4.

■ A point in defendants' brief is that since plaintiff has filed license tax returns under Ordinance No. 3636 for fourteen years, plaintiff does not have the requisite standing to question the validity of said ordinance and cannot thus avoid its burdens. See St. Louis Public Service Co. v. City of St. Louis, Mo., 302 S.W.2d 875, 879 [1, 2]; State v. Bennett, 315 Mo. 1267, 288 S.W. 50, 53 [3]. Such rulings usually invoke the doctrine of estoppel or waiver. St. Louis Public Service Co. case; Annotation, 65 A.L.R.2d 660. We rest our holdings in this case on the reasonings herein.

The trial court held "Ordinance No. 3636 valid in all respects" but did not place that ruling on a discussion and disposition of the specific issues preserved and ruled herein. The judgment, therefore, is reversed in part and the cause is remanded with directions to modify the judgment in accord with the holdings herein.

PER CURIAM: The foregoing opinion by BOHLING, Special Commissioner, is adopted as the opinion of the Court.

All of the Judges concur.