Janet **LUDWIGS** et al., Appellants,

v.

**CITY OF KANSAS CITY**, Missouri, et al., Respondents.

No. 55713.

Supreme Court of Missouri, Division No. 2.

Dec. 11, 1972.

Charles C. Shafer, Jr., Kansas City, for appellants.

Aaron A. Wilson, City Counselor, George L. DeBitetto, Assoc. City Counselor, Kansas City, for respondents City of Kansas City, Missouri and Rollin F. Agard.

Jack C. Lorenz, Kansas City, William C. Sullivan, St. Louis, John R. Gibson, Morrison, Hecker, Cozad, Morrison & Curtis, Kansas City, for respondent Southwestern Bell Tel. Co.; Wayne E. Babler, Edgar Mayfield, St. Louis, of counsel.

Donal D. Guffey, Kansas City, for respondent Gas Service Co.

Irvin Fane, Joseph J. Kelly, Jr., Howard F. Sachs, Kansas City, for respondent Kansas City Power & Light Co.; Spencer, Fane, Britt & Browne, Kansas City, of counsel.

HENLEY, Judge.

This is a class action brought by plaintiffs, residents and taxpayers of Kansas City, on behalf of themselves and others similarly situated, seeking to recover from defendants [1] gross receipts taxes alleged to have been illegally collected during the period 1962 to 1969, inclusive, from members of the class by the utility companies and paid by them to the City. The amount sued for exceeds $2,000,000. On motion of defendants summary judgment was entered in their favor and plaintiffs appealed. The appeal was properly pending in this court on January 1, 1972, the effective date of the August, 1970, amendment of Article V,

§ 3, Constitution of Missouri, V.A.M.S., and we retain jurisdiction to decide the case as required by § 31, ¶ 4, of the amendment.

The summary judgment is based on the pleadings, the affidavit of one of the plaintiffs, affidavits of representatives of the defendants and exhibits thereto consisting primarily of copies of city license tax ordinances, tariffs, and orders of the Missouri Public Service Commission (hereinafter Commission). Plaintiffs' petition is in three counts,[2] one count against each of the utility company defendants and the City and Director. The allegations of each count of the petition are essentially the same, the only material difference in the counts being (1) the fiscal years involved, and (2) the amount plaintiffs seek to recover. The substance of plaintiffs' claims against each of the utility companies is (1) that the City, from time to time, adopted ordinances which levied an annual occupation license tax upon each utility company in an amount equal to a certain percentage[3] of the company's gross receipts collected from its customers in the city; (2) that the Commission authorized each of the three utility companies to collect the gross receipts taxes from their customers; (3) that the gross receipts taxes collected by the utility companies were, with the permission and sanction of the City, in excess of the amounts authorized by the taxing ordinances in that the tax was illegally computed on the whole amount of its receipts (including the license tax) collected from its customers,

---

1. We will hereinafter refer to the defendants as follows: Southwestern Bell Telephone Company, Gas Service Company, and Kansas City Power & Light Company collectively as the utility companies; the City of Kansas City as City; and Rollin F. Agard, Director of Finance of the City, as Director.

2. Originally there were four counts. Count four, against the City alone, to recover part of the gross receipts tax collected by it since January 1, 1968, was dismissed with prejudice by plaintiffs after this court decided the case of State ex

rel. Tyler, et al. v. Davis, et al. (Mo. en banc), 443 S.W.2d 625. *Tyler* is an action by one of the plaintiffs in this case, and other persons, in which they sought by mandamus to require the mayor and councilmen of Kansas City to pass an ordinance calling for a referendum election on four of the utility tax ordinances involved in the instant case enacted by the council as emergency measures.

3. The percentage started out at 5%; thereafter it was raised to 6%; during the last two years of the period covered it was raised to 10%.

whereas the tax should have been computed only upon the amount of its receipts from the sale of its service or product and that this resulted in a tax on a tax yielding 6⅜% when the tax was 6% and over 11% when the tax was 10%;[4] (4) that all of the gross receipts taxes so collected have been paid by the utility companies to the City; (5) that the utility companies also illegally computed, collected and paid to the State the 3% Missouri sales tax based on the total of its receipts for its services plus the illegally computed gross receipts tax.

Defendants, by their separate answers, admit that the tax was collected and that all collected was paid to the City, but they deny that the City permitted and received, or that the utility companies collected and paid to the City, any tax in excess of that authorized by law. Defendants assert that the Commission, by its orders, authorized the utility companies to, and they did, adjust their rates to include and pass on to their customers in the city the customer's pro rata part of the gross receipts occupation license tax and directed the companies to set out and show each customer's pro rata part of the tax as a separate item on his bill; that the state sales tax was collected and paid to the state as required by law.

In response to the defendants' separate motions for summary judgment, plaintiffs' affidavit states, in substance, that all of the ordinances are ambiguous " * * * as to * * * meaning * * * and as

to the intentions of the members of the city councils in voting upon them."

The one point relied on stated in plaintiffs' brief is: "The Trial Court erred in granting Summary Judgment when there remained a genuine issue as to material facts." The issue of fact is stated in the argument portion of their brief to be: " * * * the determination of the intentions of the City Fathers in passing the various gross receipts ordinances." In support of this point plaintiffs refer only to the statement in Blackburn, et al. v. Swift, et al. (Mo.), 457 S.W.2d 805, 807, as follows:

"It has been stated many times that a summary judgment is an extreme and drastic remedy and that great care must be exercised in utilizing this procedure. * * *

"Summary judgment is authorized only where 'the prevailing party is shown by unassailable proof to be entitled thereto as a matter of law.' Civil Rule 74.04(h), V.A.M.R. 'The appellate court as well as the trial court must view the record on summary judgment in the light most favorable to the party against whom the judgment is rendered.' Cooper v. Finke, (376 S.W.2d 225) loc. cit. 228."

This statement of general principles says little more than what is said in our Rule on summary judgment (Civil Rule 74.04) and is of no assistance in resolving the point. Plaintiffs' affidavit does not set

---

4. For example, plaintiffs say that under the 10% gross receipts tax a customer with a bill of $10.00 for utility service would pay $10.00 for the service, plus $1.10 for the tax, or a total of $11.10, whereas his part of the tax should be only $1.00 and the total only $11.00.

Defendants' example of the method used by each utility company to compute the occupation license tax and each customer's pro rata part thereof is as follows: assuming taxable revenues of $1,-000,000 subject to the 10% gross receipts tax, the utility company's license tax would be $100,000 to be paid from the $1,-000,000. The pro rata share of this tax of each customer with a $10.00 bill would be $1.00. The Commission's order re-

quired that the customer's total bill be broken down to show the tax separated from the other part of the charge, that is, $9.00 for all other allocations in the rate and $1.00 for the customer's pro rata share of the license tax. To arrive at a formula to apply to $9.00 to arrive back at the $10.00 overall bill necessary to pay the tax, one simply takes the equation $1.00/9.00$, which equals $11.1\%$. This percentage (11.1) applied to $9.00 equals $1.00, the customer's pro rata share of the license tax. The gross receipts from the $10.00 customer remains as $10.00 and, under this method of computation, the utility company continues to pay a license tax of $1.00 on a bill of $10.00 (10% of $10.00).

forth specific facts showing that there is a genuine factual issue for trial, Civil Rule 74.04(e); it states mere conclusions, is insufficient, and does not demonstrate why summary judgment should not have been entered or why it is contended that the court was wrong. Reis, et al. v. Metropolitan St. Louis Sewer District (Mo.), 373 S.W.2d 22, 26 [3].

▪ To say that the several ordinances involved are ambiguous as to their meaning does not demonstrate that they are; nor does it raise a fact issue. Plaintiffs seem to take the position that testimony of some members of the council is necessary to a determination of the meaning of the ordinances, and that since such testimony is necessary there is, somehow, a fact issue which precludes summary judgment. No genuine issue of material fact is raised by their affidavit. The construction and meaning of these ordinances is a question of law for the court. Gathright v. Pendegraft (Mo.), 433 S.W.2d 299, 313; Hogan v. Fleming, 317 Mo. 524, 297 S.W.2d 404, 412.

The basic dispute between the parties, stated in plaintiffs' brief, is the meaning of the words "gross receipts". Plaintiffs contend that " * * * 'gross receipts' means only such receipts from the sale of * * * [services] as the * * * [utility company] was entitled to retain and use for the benefit of its business * * *." Plaintiffs take the above quotation from Laclede Gas Co., et al. v. City of St. Louis, et al., (Mo. en banc), 363 Mo. 842, 253 S.W.2d 832, 837 [5]. However, plaintiffs have omitted from their quotation these significant words which finish the quoted sentence: "and out of which receipts it could pay and discharge the obligations of its business."

In addition to the above, the court, in *Laclede* (l. c. 835), had this to say about what is included in "gross receipts":

"The word 'gross' appearing in the term 'gross receipts,' as used in the ordinance, must have been and was there used as the direct antithesis of the word 'net.' In its usual and ordinary meaning 'gross receipts' of a business is the whole and entire amount of the receipts without deduction. * * * *And in the use of the words 'gross receipts,' the instant ordinance, of course, precluded plaintiff from first deducting its costs and expenses of doing business, etc., in arriving at the base figure upon which it must pay the 5% tax under this ordinance.*" (Emphasis ours.) See also: Kirkwood Drug Company v. City of Kirkwood (Mo.), 387 S.W.2d 550, 554–555.

It is clear that the occupation license tax levied by the ordinances in this case is a tax upon the utility companies as distinguished from a tax upon the consumers, their customers. As such it is an item of cost or expense of doing business as much as real estate and personalty and other taxes are business expenses. The tariffs filed and orders of the Commission authorize the utility companies to bill each of their customers, as a separately stated item of its rates, a pro rata share of the occupation license tax, but this does not convert the tax into one upon the customer. State ex rel. West Plains, et al. v. Public Service Commission, et al. (Mo. en banc), 310 S.W.2d 925, 928–929 [2–4]; State ex rel. Hotel Continental v. Burton, et al. (Mo.), 334 S.W.2d 75, 83.

In the West Plains case the court said (l. c. 934): "The utility remains the party taxed and the utility still pays the tax—the only effect of the commission's order in that respect is to permit the utility to collect the money with which to pay the tax from the tax beneficiaries * * * It must be apparent that a utility's subscribers will always provide the money for payment of all taxes—the utility has no other source of revenue * * *."

▪ The gross receipts license tax levied by the City upon the utility companies is an expense of doing business, is properly included as a part of the base for computing the tax, and the method used by the companies to compute the tax in order to show it as a separate item on the custom-

er's bill is proper. State ex rel. West Plains, et al. v. Public Service Commission, supra; State ex rel. Hotel Continental v. Burton, et al., supra. See also: Lash's Products Company v. United States, 278 U.S. 175, 49 S.Ct. 100, 73 L.Ed. 251; Vause and Striegel, Inc., et al. v. McKibbin, 379 Ill. 169, 39 N.E.2d 1006; Schoen-McAllister Co. v. Oak Park National Bank, 349 Ill.App. 500, 111 N.E.2d 378; Leader v. Glander Tax Commissioner, 149 Ohio Ct. 1, 77 N.E.2d 69; State Tax Commission v. Quebedeaux Chevrolet, 71 Ariz. 280, 226 P.2d 549.

The only mention made on appeal by plaintiffs of the alleged overcharge of state sales tax appears in one sentence in the "statement of facts" portion of appellants' brief. It is not mentioned in either the "points relied on" or "argument" portions of their brief; nor is it mentioned or discussed in their reply brief. Plaintiffs have obviously abandoned such claim as they may have had in this connection, and we, therefore, do not discuss it. Civil Rule 84.04, V.A.M.R.

The judgment is affirmed.

MORGAN, P. J., DONNELLY, J., and BILLINGS, Special Judge, concur.