LOCAL UNION 1287, et
al., Respondents,

v.

KANSAS CITY AREA TRANSPORTA-
TION AUTHORITY, Appellant.

No. 74734.

Supreme Court of Missouri,
En Banc.

Feb. 23, 1993.

James R. Willard, Mark A. Thornhill, Elaine D. Koch, Kansas City, for appellant.

Janae L. Schaeffer, Linda K. Knight, John J. Hager, Kansas City, Douglas Taylor, Martin P. Hogan, Washington, DC (Earle W. Putnam, Leo Welzel, Washington, DC, of counsel), for respondents.

COVINGTON, Judge.

Local 1287, Amalgamated Transit Union, and Javier M. Perez, Jr. ("The Union"), sought an order to compel the Kansas City Area Transportation Authority ("KCATA") to engage in interest arbitration to set the wages, terms and conditions of employment to replace an earlier agreement. KCATA opposed the order alleging that to compel KCATA to engage in interest arbitration would violate art. II, § 1, of the Missouri Constitution, that the agreements upon which the Union relied to compel arbitration were no longer in effect, and that the Union had failed to exhaust all reasonable efforts to reach a consensual agreement as required by the documents relied on by the Union. The circuit court denied the Union's request that KCATA be ordered to proceed to arbitration. In its judgment, however, the court stated that KCATA was authorized to delegate its legislative authority to an outside arbitrator to determine wages and other working conditions of its employees and that the delegation does not violate Mo. Const. art. II, § 1. The court also found that the interest arbitration provision of the collective bargaining agreement between the parties survived the termination of the agreement and the termination letter sent by KCATA. KCATA appealed. Affirmed in part; reversed in part and vacated.

KCATA is an independent political subdivision of both Missouri and Kansas. It provides transportation to the general metropolitan region that includes the cities of Kansas City, Missouri, and Kansas City, Kansas. KCATA was created by a congressionally approved contract between Missouri and Kansas, and both states enacted identical enabling statutes in 1965. Section 238.010, RSMo 1986; Kan.Stat. Ann. § 12–2524 (1991). The Union is a labor organization that represents the non-supervisory and maintenance employees of KCATA. Javier Perez is an employee of KCATA and, at all pertinent times, was on leave of absence in order to perform duties as an officer of the Union.

The most recent agreement between the parties, setting the terms and conditions of employment for a period of three years, commenced November 15, 1986. On August 1, 1989, KCATA provided written notice of its intent to terminate the agreement pursuant to art. I, § 1.7 of the agreement. Beginning in September of 1989 the Union and KCATA commenced to negotiate a new collective bargaining agreement.

As of November 13, 1989, the parties had failed to agree upon wages and other terms and conditions of employment for KCATA employees. By letter of November 13, 1989, the Union sought to submit the issues remaining in dispute to final and binding interest arbitration pursuant to certain terms of the agreement. The Union later filed a "Complaint" seeking to have KCATA compelled to submit the unresolved issues between them to interest arbitration.

KCATA refused to submit the unresolved issues to an outside arbitrator because the Missouri Constitution does not permit KCATA to delegate its legislative authority to fix wages and benefits for its employees to an outside arbitrator; because there was no agreement in effect at any relevant time that required KCATA to submit the unresolved issues to arbitration; and because, even if there were a constitutional agreement in effect requiring interest arbitration, the Union had failed to meet the condition precedent to arbitration by exhausting all reasonable efforts to reach agreement.

The circuit court denied the Union's request for an order to compel KCATA to arbitrate because the circuit court determined after a two-day trial that the requirement that the parties must first exhaust all reasonable efforts to agree had not been met. Appellant did not appeal this ruling. The court also found in its judgment, however, that delegating the function of setting wages and other employment terms to interest arbitration does not violate any constitutional or statutory provision of Missouri or Kansas and that KCATA's termination of the collective bargaining agreement did not terminate the Union's right to demand arbitration. From these rulings, KCATA appealed.

■ It is the ruling of the circuit court from which appellant did not appeal, rather than the rulings from which appellant did appeal, that is determinative in this case. The trial court concluded that the ongoing talks between the parties had not reached the point where all reasonable efforts to agree in good faith had been made. The trial court further concluded that absent a finding that the parties had reached the point where all reasonable efforts to agree in good faith had been made, arbitration could not be ordered. Not having been appealed, the ruling stands. The ruling affects the court's ability to enter judgment on the remaining issues before the court.

■ Because the condition precedent to arbitration had not been fulfilled, the remainder of the issues before the court were not appropriate for judicial resolution. It is premature to render a judgment or opinion on a situation that may never occur. *Kirkwood Drug Co. v. City of Kirkwood*, 387 S.W.2d 550, 555 (Mo.1965). A question is justiciable only where the judgment will declare a fixed right and accomplish a useful purpose. The question presented must be ready for judicial decision. If it is not, the judgment is a nullity. *See State ex rel. Chilcutt v. Thatch*, 359 Mo. 122, 221 S.W.2d 172, 176 (banc. 1949). The circuit court's judgment regarding delegation of legislative authority and the constitutionality of the delegation, as well as that portion of the judgment deciding whether the interest arbitration provisions survived

termination of the agreement, rendered opinion on a situation that may never occur, and, therefore, not presently requiring judgment. The circuit court's judgment in these respects was premature.

There are at least two sound reasons that courts decline to render advisory, or hypothetical, judgments and opinions. First, judicial resources are limited and should not be wasted on disagreements that may never require judicial resolution. Second, the judicial branch traditionally renders opinions because it is required to do so as a consequence of specific facts that necessitate a judicial judgment. If a court examines a matter in which facts are not completely developed, it is possible that the court may grant an incorrect judgment. It is also possible that, to the extent that the judicial branch contributes to the development of the law in our legal system, the court may take an inappropriate or premature step in the judicial development of the law. *Stroud v. Milliken Enterprises, Inc.*, 552 A.2d 476, 480 (Del.1989).

Assuming, without deciding, that the arbitration provision of the labor agreement survives, the provision could not have been ordered at the time the circuit court was asked to order arbitration. Arbitration could have been sought only "after all reasonable efforts to agree in good faith" had been met. The parties had not exhausted all reasonable efforts to agree. Because the parties had not exhausted all reasonable efforts to agree, the remainder of the judgment was premature, merely an advisory opinion, and, therefore, a nullity.

The court's judgment finding that the parties had not exhausted all reasonable efforts to agree in good faith is affirmed. The remainder of the judgment is reversed and hereby vacated. *Rule 84.14.*

ROBERTSON, C.J., HOLSTEIN, BENTON, THOMAS and LIMBAUGH, JJ., and MONTGOMERY, Special Judge, concur.

PRICE, J., not sitting.