Robert REECE, Plaintiff/Respondent,

v.

DIRECTOR OF REVENUE, STATE OF MISSOURI, Defendant/Appellant.

No. ED 79265.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 16, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 28, 2001.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Lars Hagen, Asst. Atty. Gen., St. Louis, MO, for appellant.

Carl M. Ward, Clayton, MO, for respondent.

WILLIAM H. CRANDALL, JR., Presiding Judge.

The Director of Revenue (Director) revoked Robert Reece's driving privileges

for allegedly refusing to submit to a chemical test of his blood alcohol content. Director appeals from the judgment setting aside the revocation. We affirm.

On December 11, 1998, a Town and Country police officer arrested Reece for driving while intoxicated. The officer then took Reece to the police station. At issue in the case, is the proof Director offered regarding whether Reece refused to submit to a chemical test of his breath at the station. The officer gave Reece a Missouri Department of Revenue form that states his driving privileges were being revoked for his refusal to submit to a chemical test of his blood alcohol content, gives notice of his right to file a petition for review of the revocation and serves as a fifteen-day temporary driving permit.

Reece filed a petition for review of the revocation in the Circuit Court of St. Louis County. *See* section 577.041.4.[1] The case was assigned to a traffic commissioner and the case was submitted "on the records." The commissioner found that the arresting officer had probable cause to arrest Reece for driving while intoxicated and that Reece refused to submit to a chemical test of his breath. The commissioner sustained the revocation of Reece's driving privileges.[2] Reece filed a motion in the circuit court to vacate the commissioner's findings or in the alternative for new trial. The

circuit court entered judgment and vacated the commissioner's findings. The court found "that there exists in the records a discrepancy regarding the issue of whether" Reece refused to submit to a chemical test of his breath. The court then found that Director failed to prove Reece refused to submit to a breath test. The court ordered Director to reinstate Reece's driver's license. Director appeals from the circuit court's judgment.

At a hearing, on facts as those presented here, the court shall determine only: (1) whether or not the person was arrested; (2) whether or not the officer had reasonable grounds to believe that the person was driving while in an intoxicated condition; and (3) whether or not the person refused the test.[3] Section 577.041.4; *Rain v. Director of Revenue*, 46 S.W.3d 584, 587 (Mo.App. E.D.2001). Director has the burden of proof at the hearing. *Rain*, 46 S.W.3d at 587. "If the court determines any issue not to be in the affirmative, the court shall order the director to reinstate the license or permit to drive." Section 577.041.5.

In its sole point on appeal, Director argues that the trial court erred in reinstating Reece's driving privileges based on a "discrepancy" in the Alcohol Influence

1. All statutory references are to RSMo. Cum. Supp.1998.

2. In the petition and during the hearing before the commissioner, Reece challenged the constitutionality of sections 302.535 and 479.500. Section 479.500 authorizes the establishment of a traffic court, the appointment of traffic judges and procedures to be followed in the traffic court. *Dabin v. Director of Revenue*, 9 S.W.3d 610, 612 (Mo. banc 2000). Section 479.500.2 provides in part that "Traffic judges may be authorized to act as commissioners to hear in the first instance nonfelony violations of state law involving motor vehicles...." Section 302.535

enables the presiding judge of the circuit court to assign a traffic judge to hear cases pursuant to the provisions of section 479.500. The commissioner overruled Reece's constitutional objections to the statutes. Reece filed an appeal with the Missouri Supreme Court. The Missouri Supreme Court upheld the constitutionality of sections 302.535 and 479.500 in *Dabin*, and thereafter the present case was remanded to the circuit court for further proceedings.

3. Reece concedes there was sufficient evidence that he was arrested and the officer had reasonable grounds to believe he was driving while intoxicated.

Report that was admitted into evidence. Director contends that the court's judgment was not supported by substantial evidence and is against the weight of the evidence because the arresting officer wrote in the report that Reece refused to submit to a test and printed the time of the refusal. According to Director, this constituted "uncontradicted accounts" of Reece's violation of the law.

■ Appellate review of a judgment relating to the revocation of driving privileges for refusing to submit to a chemical test is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). We will affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Rain*, 46 S.W.3d at 587. Although no witnesses testified and the case was submitted "on the records," we defer to the trial court as the finder of fact in determining whether there is substantial evidence to support the judgment and whether the judgment is against the weight of the evidence.[4] *Jarrell v. Director of Revenue*, 41 S.W.3d 42, 46 (Mo.App. S.D.2001); *see Business Men's Assurance Co. of America v. Graham*, 984 S.W.2d 501, 506 (Mo. banc 1999). "When determining sufficiency of evidence pursuant to the *Murphy v. Carron* standard, appellate courts accept as true the evidence and inferences favorable to the trial court's judgment, disregarding

all contrary evidence." *Jarrell*, 41 S.W.3d at 46.

■ At the hearing, the Alcohol Influence Report, completed by the officer who arrested and "processed" Reece, was admitted into evidence. The parties rely on different portions of this report.[5] A narrative portion of this report states on page four that "At the station Reece refused to take a breath test and was issued the proper DOR paperwork." In the upper section of page three of the report there is a box marked, indicating Reece would not take a chemical test and the time "1:36" a.m. is handwritten. The middle section of this page has a heading that states "CHECK TYPE OF INSTRUMENT USED," and then below has "BAC VERIFIER," "INTOXILYZER 5000" and "DATAMASTER" and boxes to mark. The "DATAMASTER" box is marked. There are the following seven statements under "DATAMASTER:"

1. Subject observed for at least 15 minutes by _____ No smoking or oral intake of any material during this time; if vomiting occurs, start over with the 15 minute observation period.

2. Assure that power switch is ON.

3. Press RUN button.

4. When display requests INSERT TICKET, insert evidence ticket.

5. Enter subject and officer information.

---

4. Although not present here, when the evidence is uncontroverted and the case is virtually one of admitting the facts or when the evidence is not in conflict, this court is not required to defer to the trial court's findings. *See Rain*, 46 S.W.3d at 587.

5. Director also relies on the Missouri Department of Revenue form that states Reece's driving privileges were being revoked as a result of his refusal to submit to a chemical test of his blood alcohol content, gives notice

of his right to file a petition of review of the revocation and serves as a fifteen-day temporary driving permit. *See section 577.041.* The form has an illegible signature in the space for the "ARRESTED/STOPPED PERSON'S SIGNATURE." We find unpersuasive Director's suggestion that giving Reece a form stating, among other things, that his driving privileges were being revoked for refusing a breath test constitutes proof that Reece actually refused the test.

6. When display reads PLEASE BLOW and give audible beep, take subject's breath sample.

7. When printer has completed printing out test result, remove ticket from printer. Attach printout to this report.

The seven boxes before each statement are marked. In addition, the officer's name is handwritten in the space for the first statement. The bottom section of page three provides:

AS SET FORTH IN THE RULES PROMULGATED BY THE DEPARTMENT OF HEALTH RELATED TO THE DETERMINATION OF BLOOD ALCOHOL BY BREATH ANALYSIS, I CERTIFY BY COMPLETING THE BELOW THAT:

1. There was no deviation from the procedure approved by the department.

2. To the best of my knowledge the instrument was functioning properly.

3. I am authorized to operate the instrument.

4. No radio transmission occurred inside the room where and when this test was being conducted.

There are then spaces for, among other things, the "NAME OF OPERATOR," the instrument's model, serial and inventory numbers and the blood alcohol concentration by weight. The applicable information is handwritten in the spaces. The word "Refused" is in the space for blood alcohol concentration by weight.

This case demonstrates the difficulties that can arise when the case is submitted on the records and the evidence conflicts.

" '[C]aution should be exercised when a suspension case is submitted on the records alone ... submission of a case on the records alone may pose some risks—including the inability to explain discrepancies or to "rehabilitate witnesses".... ' " *Jarrell*, 41 S.W.3d at 46 (citation omitted). The arresting officer wrote "refused" in two places on the Alcohol Influence Report and checked a box indicating Reece refused a breath test and wrote in the time. But the officer also completed the middle section of the report's third page, which indicates a breath test was performed. In addition, by completing the report's bottom section, also referred to as the certification section, the officer certified to, among other things, that no radio transmission occurred inside the room where and when the test was being conducted. The officer did write "Refused" in the box for the blood alcohol concentration, but it is not clear why this section would be completed if Reece refused to submit to a test.[6] Given this court's standard of review, we hold that the trial court's judgment that Director did not prove that Reece refused the breath test is supported by substantial evidence and is not against the weight of the evidence. Director's point is denied.

The judgment is affirmed.

KATHIANNE KNAUP CRANE, J., and ROBERT G. DOWD, JR., J., concur.

---

6. Under 19 CSR 25–30.011(5)(A), "An operational checklist, including the certification section, shall be completed with each breath test at the time of the test, by the individual performing the test." The officer here completed the operational checklist and the certification section.