Kyle D. **BRINKER**, Respondent,

v.

**DIRECTOR OF REVENUE**, State of Missouri, Appellant.

No. ED 96779.

Missouri Court of Appeals, Eastern District, Division Two.

Feb. 21, 2012.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 10, 2012.

Timothy A. Blackwell, Asst. Atty. Gen., Jefferson City, MO, for appellant.

John F. Newsham, St. Louis, MO, for respondent.

The Director of Revenue appeals the circuit court's decision setting aside the Director's one-year denial of Mr. Brinker's driving privileges under Section 302.171 of Missouri's Revised Statutes.[1] The circuit court found that the Director failed to meet her burden of showing that Mr. Brinker made a license application that contained false or fraudulent information. We affirm.[2]

### Factual & Procedural Background

The Director of Revenue denied Mr. Brinker's privilege to drive a motor vehicle in Missouri for one year, commencing August 9, 2010, for "committing fraud or deception during the examination process or making application for a permit, license, or non-driver license which contained false or fraudulent information." *See* Section 302.171. Specifically, the Director alleged that Mr. Brinker had made a false statement in applying for a driver's license. Mr. Brinker filed a petition in the circuit court for review of the Director's decision, and the court held a hearing on March 7, 2011.

The circuit-court hearing was brief. The Director solely offered the Depart-

---

1. Section 302.171.4 provides in part:
   ... the director shall deny the driving privilege of any person who commits fraud or deception during the examination process or who makes application for an instruction permit, driver's license, or nondriver's license which contains or is substantiated with false or fraudulent information or documentation, or who knowingly conceals a material fact or otherwise commits a fraud in any such application. The period of denial shall be one year from the effective date of the denial notice sent by the director....

2. We do not find this controversy moot, an issue that first arose at oral argument. Neither party asserted the case was moot, and the Assistant Attorney General denied that the case was moot. And we find nothing in the record that suggests this controversy is moot. Although the documents are not before us, we note that several stay orders are listed in the circuit-court docket sheets. The first stay order was issued on the same day that Mr. Brinker filed his application for review.

ment of Revenue records into evidence. Mr. Brinker presented no evidence. Neither party adduced any testimony. The records submitted by the Director consisted of the following documents: a document entitled "Missouri Driver Record," bearing the name of Kyle D. Brinker; a letter addressed to Mr. Brinker, informing him that the Director was denying his driving privileges for one year; and five documents that each contain a photograph, a signature, and certain personal information at the bottom of the page. Two of those photograph-containing documents bear the signature of a Kyle Brinker and contain information such as address, date of birth, height, weight, eye color, and license number and expiration date for a Kyle D. Brinker. The other three photo documents contain information for a Travis Allen Brinker, and bear the signature of a Travis Brinker. The person in the photograph on one of these documents bearing Travis Brinker's name does not resemble the person in the photographs on the other two documents bearing Travis's name; instead, the person somewhat resembles the person in the photographs on the documents bearing Kyle Brinker's name.

The circuit court reinstated Mr. Brinker's driving privileges, finding the Director's evidence insufficient to support the denial of Mr. Brinker's driving privileges.

The court reasoned as follows:

The evidence presented by [the Director] does not contain any document purporting to be an application prepared and submitted by [Mr. Brinker]. The computer generated documents containing photos of two individuals offer no explanation or verification of what cause said documents to be created or at whose request. The remaining docu-ments [presented by the Director] contain only a copy of [Mr. Brinker's] driving record and a letter to [Mr. Brinker], neither of which provides any proof of the allegation made but only conclusions drawn by the [Director].

The Director now appeals, contending that the evidence she submitted was sufficient to satisfy her burden of making a *prima facie* showing that Mr. Brinker made a license application that contained false or fraudulent information. Thus, since Mr. Brinker introduced no evidence to show that the record was not true or was legally insufficient, the Director contends the circuit court erred in reinstating Mr. Brinker's driving privileges.

### Standard of Review

We will affirm the circuit court's judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Miller v. Dir. of Revenue,* 268 S.W.3d 407, 408 (Mo.App. W.D.2008); *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

### Discussion

██ The Missouri Supreme Court, in its *Kinzenbaw* decision, announced the burdens of a driver and the Director in a proceeding under Section 302.311.[3] *Kinzenbaw v. Dir. of Revenue,* 62 S.W.3d 49 (Mo. banc 2001). The driver bears initially the burden of producing evidence that he is entitled to a license. *Kinzenbaw,* 62 S.W.3d at 54. After the driver meets his initial burden, the burden shifts to the Director to produce evidence that the driver was not qualified for a driver's license. *Id.* Once the Director meets her burden, it is the driver's burden to show that the

---

**3.** Section 302.311 provides an appeal to the circuit court where a driver's license has been denied pursuant to Section 302.171.

facts that purport to be established by the administrative record are not true or that the grounds for the suspension are unlawful, unconstitutional, or otherwise insufficient under Section 536.150 to support the Director's action. *Id.* at 54–55.

The *Kinzenbaw* court noted that there are two components to the burden of proof: the burden of producing—or going forward with—evidence and the burden of persuasion. *Id.* at 53. The burden of producing evidence is "a party's duty to introduce enough evidence on an issue to have the issue decided by the fact-finder, rather than decided against the party in a peremptory ruling such as a summary judgment or a directed verdict." *Kinzenbaw*, 62 S.W.3d at 53 n. 6 (quoting Black's Law Dictionary 190 (Seventh ed.1999)). The burden of persuasion is "a party's duty to convince the factfinder to view the facts in a way that favors that party." *Id.* While the burden of producing evidence shifts from one party to the other and back again, the burden of persuasion does not. The burden of persuasion remains with the driver at all times. *Kinzenbaw*, 62 S.W.3d at 54.

Although in a denial proceeding such as this Mr. Brinker bears the ultimate burden of persuasion, once he showed that he was entitled to a license, the burden of producing evidence shifted to the Director.[4] *Id.* To meet her burden, the Director was required to make a *prima facie* showing of each of the statutory elements necessary to support denial of Mr. Brinker's license under Section 302.171 by offering evidence, based on the administrative record

or otherwise, that Mr. Brinker had committed fraud or deception during the examination process or had made application for a permit, license, or non-driver license that contained false or fraudulent information—the stated grounds for denial in this case. *Stellwagon v. Dir. of Revenue*, 91 S.W.3d 113 (Mo. banc 2002).

We agree that the Director did not meet her burden in this case. The records submitted by the Director do not contain sufficient information for the circuit court to find that Mr. Brinker made an application for a driver's license that contained or was substantiated with false or fraudulent information or documentation. The driving record and notice letter do not provide any proof of the allegations made by the Director. And as the circuit court noted, the documents offer no explanation or verification of what caused said documents to be created or at whose request. The Director offered no evidence to explain the origin or the context of the documents. The documents contain no proof that Mr. Brinker—or anyone else for that matter—was even making an application for license. And if a license application was made, the documents do not show who supplied the false or fraudulent information or what the false or fraudulent information was. The Director is relying upon unsubstantiated photos, speculation, and stacked inferences to support her theory that Mr. Brinker made a false statement in applying for a driver's license.

Missouri law does not expressly prohibit the Director from submitting a denial case

---

4. Whether Mr. Brinker met his initial burden of producing evidence was not disputed below and is not an issue raised on appeal. The driver's burden is met if the driver merely pleads in the appeal that he was duly licensed and informed by the Director that his driving privilege was suspended or denied and, in his answer, the Director admits that the driver had been duly licensed. *Kinzenbaw*, 62

S.W.3d at 54. Here, the Director introduced, and the circuit court received into evidence, a certified record of Mr. Brinker's driving record. That record reflects that a class F driver's license, number L15–43–62015, was issued to a Kyle D. Brinker on September 3, 2009 and that the license expires on September 4, 2015.

under Section 302.171 solely on the record. However, the submission of a case on records alone poses a risk of the inability to explain discrepancies or other matters in the record. *See, e.g., Cannon v. Dir. of Revenue, State of Missouri,* 895 S.W.2d 302, 306 (Mo.App. E.D.1995); *Richardson v. Dir. of Revenue,* 165 S.W.3d 236, 240 (Mo.App. S.D.2005); *Jarrell v. Dir. of Revenue,* 41 S.W.3d 42, 46 (Mo.App. S.D.2001); *Reece v. Dir. of Revenue,* 61 S.W.3d 288, 292 (Mo.App. E.D.2001). We have often stated that the Director proceeds at her peril, and thus should exercise caution, when proceeding in such a manner, for if one of the requisite elements has not been proven by the records themselves, the Director has failed to meet her burden. *Cannon,* 895 S.W.2d at 306; *see also, Richardson,* 165 S.W.3d at 240; *Jarrell,* 41 S.W.3d at 46; *Reece,* 61 S.W.3d at 292.

To conclude, the Director did not satisfy her burden of producing evidence demonstrating a *prima facie* showing of the facts necessary to support the denial of Mr. Brinker's driving privileges. We therefore hold that the circuit court did not err in reinstating those privileges.

We affirm the circuit court's judgment.

KATHIANNE KNAUP CRANE, P.J., concurs.

KENNETH M. ROMINES, J., concurs in result in separate opinion.

## OPINION CONCURRING IN RESULT

I would dismiss the appeal because the Director's claims are moot.

In the Director's sole point on appeal, she argues that the circuit court erred in reinstating Brinker's driving privileges. She claims that she met her burden to make a *prima facie* showing that Brinker submitted a fraudulent license application, and Brinker did not then present sufficient evidence to refute the showing. Notwithstanding the Director's claims, we are unable to provide any relief because the issue is moot.

"A threshold question in any appellate review of a controversy is the mootness of the controversy." *State ex. rel Reed v. Reardon,* 41 S.W.3d 470, 473 (Mo. banc 2001). In Missouri, it is well-settled that the courts do not determine moot cases. *Cross v. Cross,* 815 S.W.2d 65, 66 (Mo.App. E.D.1991). A moot case raises the issue of justiciability, and therefore courts may dismiss it *sua sponte. Kinsky v. Steiger,* 109 S.W.3d 194, 195 (Mo.App. E.D.2003). A question is justiciable only where the judgment will declare a fixed right and accomplish a useful purpose. *Local Union 1287 v. Kansas City Area Transp. Auth.,* 848 S.W.2d 462, 463 (Mo. banc 1993).

On 29 July 2010, the Director sent Brinker a notice that his driving privileges were being revoked from 9 August 2010 until 9 August 2011. After 9 August 2011, his full privileges would have been reinstated provided he passed the written and road tests, and did not have any active suspensions, revocations, cancellations, or denials. "When an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible, the case is moot and generally should be dismissed." *Local Union 1287,* 848 S.W.2d at 463. The event here is the passage of the date at which Brinker's driving privileges would have been reinstated even if the Director would have prevailed in the circuit court.

Missouri recognizes only two narrow exceptions to the mootness doctrine. *Kinsky,* 109 S.W.3d at 196. First, if a case becomes moot after argument and submission, then dismissal is within the discretion of the court. *Id.* The second exception to the mootness rule applies if a case presents an issue that (1) is of general public interest and importance, (2) will recur, and (3) will evade appellate review in future

live controversies. *Id.* If the exception applies then dismissal of the case due to mootness is discretionary. *Id.* This second exception "is very narrow . . . and if an issue of public importance in a moot case is likely to be present in a future live controversy practically capable of review, the 'public interest' exception does not apply." *Id.*

Here, the first exception does not apply because the case became moot months before it was submitted to this court. The second exception does not apply because the issue raised by the Director amounts to little more than a sufficiency of the evidence claim that could easily be reviewed in a future live controversy.

Because Brinker's motor vehicle privileges would have been reinstated on 9 August 2011 this court is deprived of an ability to grant the Director any effectual relief. Therefore, the case is moot. Because no exception to the mootness doctrine applies, we should dismiss the appeal.