J. S. McC., Respondent,

v.

C. R. McC., Appellant.

No. KCD 26247.

Missouri Court of Appeals,
Kansas City District.

Nov. 5, 1973.

Dale Reesman, Boonville, Williams, Reesman & Tate, Boonville, of counsel, for appellant.

William Brandecker, Ronald E. Smull, Columbia, for respondent.

Before SHANGLER, P. J., and SWOFFORD and WASSERSTROM, JJ.

PER CURIAM.

■ This is an appeal from a judgment which granted divorce and custody of the two year old son of the marriage to the respondent father. On this appeal, appellant mother asserts error only in that portion of the judgment which relates to custody; therefore any claim of error regarding the grant of divorce itself is abandoned. Ludwigs v. City of Kansas City, 487 S.W.2d 519, l. c. 523 (Mo.1972).

Two essential issues are raised on this appeal: (1) the evidence does not support the award of custody to the husband, particularly in view of certain testimony allegedly given falsely by the husband and (2) the trial court erred in overruling appellant's motion for new trial relating to newly-discovered evidence.

The evidence at the trial was voluminous and conflicting, but to the extent that it relates to the custody issue, it discloses: The parties were married and some months later a son was born to them. At that time they lived in St. Charles; the appellant wife attended high school and the respondent husband was employed by a railroad company. During the day, the child was cared for by appellant's mother until respondent returned home from work. The parties engaged in numerous social activities with other young people and enjoyed certain diversions, including games of strip poker. The husband asserted that his wife acted improperly with male guests during these sessions, but she denied anything of an intimate nature occurred. There was evidence to support the conclusion that appellant wife was promiscuous on other occasions. On the other hand, the husband's moral rectitude was called into question by evidence that he had stolen an adding machine and perhaps other property from his employer. About a year after the birth of the child, the parties moved to Fayette where appellant soon took upon intimately with another man. This laison and the general discord between them culminated in their separation a few months later. They separated. The respondent husband took physical custody of the child and has had it since. During the separation, the wife enjoyed the frequent company of the

other man who brought about the domestic rupture.

■ As to the care and treatment of the child during the marriage, the evidence was replete with the self-serving contentions of both parties. The husband complained that the wife fed the child cold food, often left him alone, and was generally neglectful of their young son. The wife complained that he disciplined the child too harshly. Through this miasma of conflict, substantial evidence appears that the wife was bent on her own pleasure at the expense of the child, while the husband took his parental duties seriously. On the night before her separation from her husband, the wife went on a trail ride with her male intimate, and was discovered by her husband in the early morning lying with her companion on a blanket, while the child remained unattended in the back seat of the car which had its engine running. Then after separation, there was substantial evidence that the wife made little effort to see the child for periods of time. The trial court drew inferences from the conflicting evidence favorable to the suitability of the father as custodian of the minor child and we will not disturb that judgment. We find that the record supports that determination of custody is in the best interest of the minor child. Cascio v. Cascio, 485 S.W.2d 857, 859 (Mo. App.1972).

■ Appellant claims that her husband testified falsely at the trial and that his perjury affects the determination of the sufficiency of the evidence to support the custody award and entitles her to a new trial as well. There was testimony that, shortly before the separation, her husband had been told that the automobiles of the wife and her companion were observed parked at a motel. The husband testified that he made no inquiry at the motel about his wife's presence. The motel manager, on the other hand, testified that she did not recall ever seeing the wife there, but

that the husband did make inquiry. The claim of perjury rests upon a number of such testimonial incidents. Although it is obvious that, in each case, one of the witnesses was mistaken, a mere variance in testimony is not perjury unless the witness has wilfully sworn falsely to a material fact in issue. Calvin v. Lane, 297 S.W.2d 572, 575 [3, 4] (Mo.App.1972). The trial court rejected the claim of perjury in ruling on the motion for new trial, and the record gives no cause to disturb that discretion. As to appellant's argument that respondent's perjury discredits his entire testimony, the fact that a witness testified falsely may be considered in determining the credibility of the rest of his testimony, but such testimony is not required to be disregarded. State v. Willard, 346 Mo. 773, 142 S.W.2d 1046, 1052 [15]. Moreover, could it be concluded that the testimonial incidents about which appellant complains were perjurious, they related to nonmaterial matters and could not have affected the outcome of the trial.

Appellant contends also that she should have been given a new trial based upon her claim of newly-discovered evidence. This evidence, she contends, represents further instances of perjury or, alternatively and standing alone, were so material that they would have changed the outcome of the trial had they been known at that time. Appellant's new trial affidavit asserted as newly-discovered evidence that: (1) at the trial respondent did not disclose that he then shared an apartment with another adult male where they engaged in drinking parties, (2) at the trial respondent testified as to his hours of employment with the railroad when, in fact, he had been given notice of termination a week before, and was thereafter employed as a bartender, and (3) respondent deceived appellant as to the availability on the day set for deposition of Holcroft, an agent for the railroad, and that Holcroft would have testified that certain reputed thefts by respondent of company property were not reported to him by respondent until a date

later than that to which respondent testified.

The well-settled requirements for granting a new trial on the basis of newly-discovered evidence are given in Gehner v. McPherson, 430 S.W.2d 312, 316 (Mo. App.1968):

(1) that the evidence has come to his knowledge since the trial; (2) that it was not owing to the want of due diligence that it did not come to his knowledge sooner; (3) that it is so material that it would probably produce a different result if a new trial were granted; (4) that it is not cumulative only; (5) that the affidavit of the witness himself should be produced, or its absence accounted for; and (6) that the object of the evidence is not merely to impeach the character or credit of a witness.

■■■■ Appellant's new trial motion fails a number of these requirements. Her affidavit presents only a bare allegation of due diligence. The better practice requires that the facts showing diligence be stated in the verified motion or affidavit accompanying the new trial motion. Womack v. McCullough, 358 S.W.2d 66, 69 (Mo.1962). More importantly, the record indicates that with due diligence the "new" evidence would have been available to appellant for trial purposes. Appellant knew of Holcroft and could have obtained his testimony regardless of any misrepresentation by respondent as to his availability. Also, the affidavit of Holcroft, the putative witness, was not supplied as required by *Gehner* and its absence is not accounted for. Appellant's affidavit version of Holcroft's anticipated testimony is unacceptable hearsay and, for all that appears, wishful thinking. E. v. G., 317 S.W.2d 462, 468 [4] (Mo. App.1958); Fidelity & Casualty Co. of N.Y. v. Western Casualty & Surety Co., 337 S. W.2d 566, 574 [5, 6] (Mo.App.1960). The trial judge considered the grounds alleged for a new trial and determined against them. We affirm that judgment.