Alice R. STRAIT, Petitioner-Appellant,

v.

Archie L. STRAIT,
Respondent-Respondent.

No. WD 30320.

Missouri Court of Appeals,
Western District.

May 5, 1980.

Harold E. Johnson, Larry H. Brockhouse, Kansas City, for petitioner-appellant.

Kenneth E. Bigus, Kansas City, for respondent-respondent.

Before TURNAGE, P. J., and SHANGLER and MANFORD, JJ.

PER CURIAM.

Alice Strait filed an action for the dissolution of her marriage with Archie Strait. The trial court granted a dissolution, maintenance in the amount of $1.00 per year and divided the marital property. On this appeal Alice attacks the order relating to the division of property and contends the trial court erred in overruling her motion for a new trial without a hearing.

Alice in two points in her brief challenges the order dividing the marital property. A review of the evidence by this court reveals the judgment is supported by substantial evidence and is not against the weight of the evidence and no error of law appears. An extended opinion would have no precedential value. Rule 84.16(b).

Alice further contends the court was required to hold a hearing on her motion for a new trial because it was accompanied by affidavits which were uncontradicted. She relies on *Thorn v. Cross*, 201 S.W.2d 492 (Mo.App.1947). In *Thorn* the court held an affidavit which set out facts showing juror misconduct was prima facie evidence that the defendant had been deprived of his constitutional right to a fair trial by a fair and impartial jury. The court held when a prima facie case of misconduct had been made by the affidavit, the trial court was required to hold a hearing to fully develop the facts to determine if misconduct had in fact occurred.

In this case Alice filed a motion for new trial alleging there had been misconduct, mistake, surprise, fraud and deceit perpetrated on her by Archie and that Archie had committed perjury. The motion was couched only in conclusionary terms without benefit of factual support. She alleged an improper finding was occasioned by Archie's conduct and that she has a just claim or defense. She filed her own affidavit and that of another in support of her motion. The trial court heard arguments on the motion but did not enter a ruling and the motion was overruled by operation of law. Her theory on appeal is that the affidavits reveal the existence of newly discovered evidence which proves Archie's misconduct in concealing property, and under *Thorn* the trial court was required to hold an evidentiary hearing to determine whether or not newly discovered evidence existed. In this situation *Thorn* does not apply, rather the well established requirements for granting a new trial because of newly discovered evidence became applicable. Those rules were set out in *McC. v. McC.*, 501 S.W.2d 539, 541-2 (Mo.App.1973). In part, Alice was required to show the evidence had come to her knowledge since the trial and her failure to produce it in a timely fashion was not the result of a want of due diligence.

■ The motion and affidavits filed by Alice fall far short of meeting the requirements to obtain a new trial on the ground of newly discovered evidence. The motion does not recite facts showing due diligence, but the affidavits indicate the evidence of property claimed to have been concealed could have been discovered prior to trial by proper discovery. Further, the affidavits only indicate an effort to impeach the character or credit of Archie as a witness, which is an impermissible use of newly discovered evidence. The court was not required to hold a hearing or grant a new trial when the motion failed to comply with the rules applicable to the grant of a new trial on the basis of newly discovered evidence.

The judgment is affirmed.

All concur.