### Paul KRIEG, Respondent,

### v.

### DIRECTOR OF REVENUE, Appellant.

### No. ED 78233.

Missouri Court of Appeals,
Eastern District,
Division One.

March 20, 2001.

Jeremiah W. (Jay) Nixon, Attorney General, Stacy L. Anderson, Assistant Attorney General, Jefferson City, MO, for appellant.

Daniel H. Miller, Stites, Hopkins and Miller, Columbia, MO, for respondent.

RICHARD B. TEITELMAN, Judge.

The Director of Revenue ("Director") appeals from a judgment of the Circuit Court of Osage County ordering the reinstatement of driving privileges to Respondent Paul J. Krieg ("Respondent"). The trial court invoked the Confrontation Clause of the Sixth Amendment to exclude from evidence certified copies of Department of Revenue records regarding Respondent's arrest because the Director did not call the arresting officer to testify at the license revocation proceeding. Consequently, the trial court ruled that the Director failed to establish a prima facie case for revoking Respondent's driving privileges. We reverse and remand.

*Factual and Procedural Background*

On June 12, 1999, Respondent was arrested in Osage County for driving while intoxicated. Subsequently, the Director suspended Respondent's driver's license pursuant to Section 302.505 RSMo (Cum. Supp.1999)[1] for driving with a blood alcohol content of at least 0.10%. Respondent filed a petition for a trial de novo pursuant to Section 302.535.1.

On May 4, 2000, the case was heard in the circuit court of Osage County. In lieu of live testimony from the arresting officer, the Director sought to introduce certified copies of Department of Revenue records pursuant to Section 302.312. The records included the report of the arresting officer, the breathalyzer printout, the breathalyzer maintenance report, and the Alcohol Influence Report. Attached to the records was a signed and notarized affidavit of the custodian of records for the Missouri Department of Revenue ("Department") certifying the records as exact duplicates of the original records filed with the Department.

Respondent objected to the admission of these records as hearsay and as violations of his rights to confrontation and due process. The trial court sustained Respondent's objection on the grounds that Respondent was entitled to cross-examine the arresting officer. Due to the exclusion of the certified records and the lack of testimony from the arresting officer, the trial court determined that the Director failed to establish a prima facie case that Respondent was driving while intoxicated. Accordingly, the trial court entered judg-

---

1. All statutory references are to RSMo Cum. Supp.1999 unless otherwise noted.

ment against the Director and reinstated Respondent's driving privileges. This appeal followed.

## Discussion

We will affirm the circuit court's judgment unless it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *Hackmann v. Director of Revenue*, 991 S.W.2d 751, 752 (Mo.App. E.D.1999).

∎ In his sole point on appeal, the Director contends that the trial court erroneously invoked the Confrontation Clause to exclude from evidence certified copies of Department of Revenue records pertaining to Respondent's arrest that should have been admitted pursuant to Section 302.312. We agree.

∎ The Sixth Amendment right to confrontation applies, by its own terms, only in criminal prosecutions, not in civil proceedings.[2] Missouri's license suspension and revocation proceeding as set forth in Section 302.505 is a civil proceeding entirely distinct from criminal punishment of drunken drivers. *Riche v. Director of Revenue*, 987 S.W.2d 331, 335 (Mo. banc 1999); *Duncan v. Director of Revenue*, 16 S.W.3d 745, 746 (Mo.App. E.D.2000). Consequently, the protections of the Confrontation Clause do not apply in a civil proceeding to suspend driving privileges pursuant to Section 302.505. The trial court therefore erroneously applied the law by invoking the Confrontation Clause in the context of a civil license suspension proceeding brought by the Director under Section 302.505.

As there is no constitutional bar to the admission of the records absent the live testimony of the arresting officer, we recognize that Section 302.312.1 plainly provides that all "properly certified" Department of Revenue records "shall be admissible as evidence in all courts of this state and in all administrative proceedings." *See Hackmann v. Director of Revenue*, 991 S.W.2d 751, 753 (Mo.App. E.D.1999); *Mills v. Director of Revenue*, 964 S.W.2d 873, 875 (Mo.App. E.D.1998). Here, the Director presented properly certified records for admission as evidence. These records were admissible under Section 302.312.1. The trial court therefore erred in excluding the records from evidence.

The trial court erroneously applied the law and we therefore reverse the trial court's judgment and remand the cause for further proceedings consistent with this opinion.

ROBERT G. DOWD, P.J., and MARY RHODES RUSSELL, J., concur.

---

2. *See Hannah v. Larche,* 363 U.S. 420, 440 n. 16, 80 S.Ct. 1502, 4 L.Ed.2d 1307 (1960) (the Confrontation clause generally does not apply in the administrative; i.e., civil context); *State v. Leisure,* 838 S.W.2d 49, 59 (Mo.App. E.D.1992) (holding that the Sixth Amendment right to confrontation did not apply in a Rule 29.15 motion for post-conviction relief because the proceedings are civil, not criminal); *Cain v. State,* 780 S.W.2d 66, 67 (Mo.App. E.D.1989) (holding that the Sixth Amendment right to confrontation did not apply in Rule 24.035 motion for post-conviction relief because the proceedings are civil, not criminal).