**In the Interest of K.L.S.,
a Minor Child.**

**No. ED 81837.**

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 16, 2003.
Rehearing Denied Nov. 13, 2003.

David A. Shaller, Clayton, MO, for Appellant.

Robin Ruhe Murray, Family Court of St. Louis County, St. Louis, MO, for Respondent.

ROBERT G. DOWD, JR., Judge.

Lisa Michelle Snider (Mother) appeals the termination of her parental rights to her son, K.L.S. On appeal, Mother argues the trial court erred in finding that (1) Mother could not withdraw her consent to termination of parental rights when she filed a motion to withdraw prior to acceptance and approval of consent by the trial court, as required by Sections 453.030(7) and 211.444, RSMo 2000,[1] and prior to the order terminating her parental rights, and (2) termination was in the best interest of K.L.S. We reverse.

K.L.S. was born out of wedlock to Mother on August 3, 1999. On September 24, 1999, the juvenile officer filed a petition alleging that K.L.S. was in need of care and treatment and should come under the jurisdiction of the trial court pursuant to Section 211.031.1(1) because, "The juvenile's mother neglected to provide care necessary for the juvenile's well-being in that on or about September 23, 1999 in St. Louis County, Missouri said juvenile's mother left said juvenile in the custody of someone not entitled to the legal or physical custody of said juvenile and without making any arrangements for that person to assume temporary custody of the juvenile until her return. The mother was gone at least fifteen hours during which time she was using controlled substances."

The trial court took jurisdiction over K.L.S. and one of his other siblings as well as continued jurisdiction over two other siblings on December 20, 1999. The trial court placed all of the siblings in the legal custody of the Missouri Division of Family Services (DFS) and placed physical custody of K.L.S. with a relative of Mother.

The trial court held a review of custody of the four siblings on July 6, 2000. The trial court continued jurisdiction over all of the juveniles and ordered an investigation and social study report as prerequisites to the filing of petitions for termination of parental rights on all four siblings. The juvenile officer filed a petition to terminate parental rights of all four siblings, including K.L.S., on December 1, 2000 alleging abandonment and failure to rectify conditions as grounds for termination of parental rights. The cause was set for hearing on several dates and eventually was set for a contested hearing on July 11, 2002. At this time the juvenile officer dismissed the petitions on three of the siblings, returning their custody to Mother and Mother consented to the termination of her parental rights to K.L.S.

To better aid the reader, we set out the remaining somewhat confusing procedural history in chronological order. On July 11, 2002, Mother's consent to the termination of parental rights and adoption was approved and accepted by a family court commissioner.[2] The petition to

---

1. Unless otherwise indicated, all statutory references are to RSMo 2000.

2. Documents signed by a family court commissioner do not constitute final appealable judgments because they "are not signed by a

terminate Mother's parental rights was heard and submitted by the Commissioner. On July 26, 2002, Mother moved to withdraw her consent to termination of parental rights. On August 12, 2002, the Commissioner, upon a second review, approved and accepted Mother's consent to termination of parental rights and ordered termination of Mother's parental rights. On August 13, 2002, Commissioner's review of Mother's consent to terminate her parental rights was adopted and confirmed by the trial court. Termination of Mother's parental rights was also adopted and confirmed by the trial court. On August 14, 2002, a hearing was held on Mother's motion to withdraw consent. Mother's motion was denied by the Commissioner. On August 15, 2002, the trial judge adopted and confirmed Commissioner's August 14th findings and recommendations on Mother's motion to withdraw consent. This appeal follows.

In her first point, Mother argues the trial court erred in finding she could not withdraw her consent to termination of parental rights when she filed a motion to withdraw prior to acceptance and approval of consent by the trial court, as required by Sections 453.030(7) and 211.444, and prior to the order terminating her parental rights. We agree.

The issue in this case is under what circumstances and at what time may the withdrawal of consent to termination of

parental rights be effective. This issue is important for us to consider since a review of the case law suggests that a parent's attempt to withdraw consent after execution is not infrequent. See *In the Interest of D.C.C.*, 971 S.W.2d 843 (Mo.App. W.D. 1998); *In re Adoption of R.V.H.*, 824 S.W.2d 28 (Mo.App. W.D.1991); *In re Adoption of ADA*, 789 S.W.2d 842 (Mo. App. S.D.1990).[3]

Section 453.030(8) provides that a consent form shall be developed by DFS.[4] The form itself provides for approval and acceptance by the trial court before it becomes effective. Section 453.030(7) provides "The written consent required ... may be withdrawn anytime until it has been reviewed and accepted by a judge."

Mother's consent was given on July 11, 2002. The juvenile officer amended the petition to reflect that Mother had consented to the termination of her parental rights on July 11, 2002 and the Commissioner entered an order approving and accepting the consent and finding that the consent was in compliance with Sections 453.030 and 211.444.[5] The Commissioner's "approval" was not adopted and confirmed by a judge as provided in Section 211.029[6] and Section 453.030 and was therefore not in effect at the time the Mother filed her motion to withdraw consent to terminate her parental rights. Mother asserts that since the consent had not been reviewed and accepted by a judge as required by

---

person selected for office in accordance with and authorized to exercise judicial power by article V of the state constitution." *Slay v. Slay,* 965 S.W.2d 845 (Mo. banc 1998).

**3.** Our review has revealed no cases directly on point.

**4.** This consent form was used in the instant case. It is now used in both termination of parental rights and adoption cases.

**5.** Section 211.444(1) states in pertinent part that the trial court may "terminate the rights

of a parent to a child if the court finds that such termination is in the best interests of the child and the parent has consented in writing to the termination of his or her parental rights."

**6.** Section 211.029 provides that "the findings and recommendations of the commissioner shall become the decree of the court when adopted and confirmed by an order of the judge."

**551**

statute, she has the absolute right to withdraw her consent pursuant to the provisions of Section 453.030(7).

Here, the required approval and acceptance by a judge was entered on August 13, 2002, eighteen days subsequent to Mother's formal notice of withdrawal of consent and one day prior to the hearing on Mother's motion to withdraw. The trial court ultimately denied Mother's motion and notice of withdrawal of consent after hearing. Mother contends the order terminating her parental rights should be vacated and held for naught since it was entered after Mother's consent was timely withdrawn.

We have regularly noted the sanctity of the parent-child relationship and have held that any judicial termination of such a relationship is an exercise of awesome power that must be tempered and controlled by strict and literal compliance with the statutes. *In re M.H.*, 859 S.W.2d 888, 896 (Mo.App. S.D.1993). Here, the statutory language of Sections 453.030(7) and 211.444 was not strictly complied with. As Mother's consent was timely withdrawn, the trial court was prohibited from terminating her parental rights based on Mother's consent.[7]

Mother's first point is dispositive. Therefore, we need not address her second point.

Judgment reversed.

GARY M. GAERTNER, SR., P.J. and MARY R. RUSSELL, J., concur.

---

7. Our ruling in this case does not disturb the well-established principle that a trial court has discretion to deny a subsequent motion to withdraw consent when said consent has been reviewed and accepted by an Article V judge.