Charles M. CURNUTT, Petitioner–
Respondent,

v.

DIRECTOR OF REVENUE, STATE
OF MISSOURI, Respondent–
Appellant.

No. 26025.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 2, 2004.

Jeremiah W. (Jay) Nixon, Atty. Gen.,
Kristi R. Flint, Office of Atty. Gen., Jeffer-
son City, for appellant.

John Alpers, Jr., Cabool, for respondent.

KENNETH W. SHRUM, Judge.

The driving privileges of Charles Curnutt ("Driver") were revoked by Missouri's Director of Revenue ("Director") after Driver allegedly refused to submit to a chemical test to determine his blood alcohol content. This revocation was based on Missouri's Implied Consent Law, specifically § 577.041.1.[1] Driver appealed that revocation to the circuit court. The case was submitted to the circuit court solely on Director's records, i.e., there was no live testimony. The court found that Director failed to meet her burden of proof and ordered reinstatement of Driver's privileges. We reverse and remand with directions to reinstate Director's administrative revocation order.

## STANDARD OF REVIEW

■ As in most other court-tried matters, a circuit court judgment that affirms or reverses the Director's administrative order in a driver's license case will be affirmed unless there is no substantial evidence to support it, unless the decision is contrary to the weight of the evidence, or unless the trial court erroneously declares or applies the law. *Hinnah v. Director of Revenue*, 77 S.W.3d 616, 620[6] (Mo.banc 2002).

## FACTS

During the early morning hours of September 17, 2003, officer David Kidwell saw a truck driving in the wrong lane of traffic, coming back into its own lane, and then driving onto the shoulder of the road. Kidwell pulled the truck over, contacted the driver (later identified as Curnutt/Driver), and noticed an open beer bottle between his legs. While talking with Driver, Kidwell noticed a strong odor of intoxicants. Kidwell also observed that Driver's eyes were watery and bloodshot and his speech was slurred.

When asked how much he had to drink, Driver responded that he had four or five beers. Thereafter, Kidwell requested that Driver perform field sobriety tests, and he complied. Driver, however, failed all of the tests, and he was placed under arrest for driving while intoxicated.

Kidwell transported Driver to the police station where he was read his *Miranda* rights and the implied consent warning.[2] When asked if he would submit to a chemical test of his breath, Driver refused.

Upon receiving notification that Driver refused the test, Director revoked his Missouri driving privileges for a period of one year. Driver then petitioned the Texas County circuit court for a review of Director's decision. At the hearing for review, Director submitted Exhibit A, i.e., a properly certified copy of her records. Driver objected "as it being hearsay." After submitting the records, Director rested her case. When asked if Driver had any evidence to adduce, Driver responded, "We have nothing, Your Honor. We renew our objection and request that—the judgment in favor of [Driver]."

The trial court found that since "Director presented no evidence other than Exhibit A, [Driver] was denied the opportunity to cross examine the arresting officer." After declaring that cross-examination is a "fundamental right," the court

---

1. All statutory references are to RSMo (2000), unless otherwise indicated.

2. In *Miranda v. Arizona*, the U.S. Supreme Court set out what have come to be known as "the *Miranda* warnings" as a "procedural safeguard" designed to protect an individual's privilege against self-incrimination. 384 U.S. 436, 478–79, 86 S.Ct. 1602, 1630, 16 L.Ed.2d 694 (1966).

ruled that Director "did not prove by a preponderance of the evidence that [Driver] refused to submit to a chemical test." The trial court ordered Director to reinstate Driver's privileges. This appeal followed.

## DISCUSSION AND DECISION

■ In her only point on appeal, Director claims the trial court erred in setting aside the order revoking Driver's privileges because she made a *prima facie* case. Because Driver failed to rebut her *prima facie* case, Director claims that the trial court had no authority to order a reinstatement of Driver's privileges. We agree.

■ At a section 577.041 hearing for review, the trial court can only determine the following: (1) whether the person was arrested or stopped; (2) whether the officer had reasonable grounds to believe the person was driving a motor vehicle in an intoxicated condition; and (3) whether the person refused to submit to the chemical test.[3] § 577.041.4; *Hinnah*, 77 S.W.3d at 620. Once these three questions have been answered affirmatively, the inquiry ends. *Gonzalez v. Director of Revenue*, 107 S.W.3d 491, 493 (Mo.App.2003).

■ "In license revocation cases, a trial court is not free to disregard unequivocal and uncontradicted evidence that supports Director's contentions." *Zimmerman v. Director of Revenue*, 72 S.W.3d 634, 636 (Mo.App.2002). "Moreover, our standard of review does not permit us to disregard uncontroverted evidence supporting the fact that all elements of Director's case were met." *Id.*

Here, the trial court disregarded Director's evidence, i.e., her properly certified records. The above recitation of facts clearly shows that those records overwhelmingly established that Director met her burden under section 577.041. *See* § 577.041.4; *Hinnah*, 77 S.W.3d at 620.

■ Apparently, the trial court mistakenly believed that Director can never meet her burden without live testimony. This follows from the recitation in its judgment that, since "Director presented no evidence other than Exhibit A, [Driver] was denied the opportunity to cross examine the arresting officer." This is simply not the law. The right to cross-examine an officer or any other witness in a license revocation proceeding has no bearing on whether the Director met her burden of proof. *Krieg v. Director of Revenue*, 39 S.W.3d 574, 576 (Mo.App.2001). The trial court's reliance on the right of cross-examination (as a means to reinstate Driver's privileges and as a method of refuting Director's evidence) is a misapplication of the law. *Id.*

The trial court was not allowed to disregard the evidence proferred by Director because it was unequivocal and uncontroverted. *Zimmerman*, 72 S.W.3d at 637. The judgment is not supported by substantial evidence and the trial court misapplied the law; consequently, it is reversed. The case is remanded with directions to the circuit court to reinstate the Director's decision to revoke Driver's privileges to operate a motor vehicle.

PARRISH, P.J., and BARNEY, J., concur.

---

**3.** Any person operating a motor vehicle upon Missouri public roadways is deemed to have impliedly consented to two chemical tests of that individual's breath, blood, saliva, or urine to determine the alcohol content of the person's blood. *Brown v. Director of Revenue*, 34 S.W.3d 166, 171 (Mo.App.2000); § 577.020.1 and § 577.020.2.