**Joshua E. JONES, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

**No. WD 65600.**

Missouri Court of Appeals,
Western District.

April 18, 2006.

Jeremiah W. (Jay) Nixon, Atty. Gen., Kathleen Rachel Robertson, Office of Attorney General, Jefferson City, for Appellant.

Kenneth Morris Dake, Sedalia, for Respondent.

PAUL M. SPINDEN, Judge.

The Department of Revenue's director appeals the circuit court's judgment reinstating Joshua E. Jones' driving license. The director revoked Jones' driving license under authority granted her by Section 302.505, RSMo Supp.2005. The circuit court overturned the director's revocation on the ground that she did not establish that Jones was driving the vehicle. The director contends that the circuit court's

judgment is unsupported by substantial evidence and is against the weight of the evidence. She claims that she made a *prima facie* case that Jones did not rebut. We disagree and affirm the circuit court's judgment.

 To establish a *prima facie* case for driving while intoxicated, the director's burden was to establish by a preponderance of the evidence that the arresting officer had probable cause to arrest Jones for driving while intoxicated and that Jones' blood alcohol concentration was at least .08 percent by weight. Section 302.505.1. The director, however, does not meet her burden simply by proving that Jones was intoxicated and that the officer arrested him on probable cause to believe he was driving. *Hampton v. Director of Revenue*, 22 S.W.3d 217, 220 (Mo.App. 2000). "The decisive issue ... is not whether the arresting officer possessed some particular type of probable cause, but whether the person had the excessive amount of blood alcohol concentration while he or she was driving." *Collins v. Director of Revenue*, 691 S.W.2d 246, 252 (Mo. banc 1985). Thus, "where the question of who was driving is put at issue in a[ ] hearing, the [d]irector must offer proof that the person whose license is to be suspended was, in fact, the driver." *Hampton*, 22 S.W.3d at 221. Indeed, Section 302.530.4, RSMo Supp.2005, specifically provides that "[t]he sole issue at the hearing shall be whether by a preponderance of the evidence the person was driving a vehicle pursuant to the circumstances set out in section 302.505." Proof that the person was driving or operating the vehicle, therefore, is essential, but such may be established by circumstantial evidence. *Hampton*, 22 S.W.3d at 221.

In this case, the only issue is whether the director presented sufficient evidence that Jones was driving with a blood alcohol concentration of at least .08 percent. The evidence established that, on April 23, 2004, at 10:22 P.M., Pettis County Deputy Sheriff Kevin Tylar responded to a dispatch to Lena Road to investigate a complaint that someone was driving a vehicle in circles in a muddy field. After speaking with the complainant, Tylar saw a pickup drive out of a farm entrance. The truck was covered with mud and had grass hanging from its rear bumper.

Tylar stopped the truck. Lacy Boyd was driving. Jones was a passenger. Jones was muddy, and Boyd was not. Jones told Tylar that he had been out doing "stupid things" with friends and that he had gotten out of his friends' vehicle and had been left standing in the rain for 20 minutes. Tylar testified that he did not believe Jones' story because a light, steady rain had been falling during the evening, but Jones was wet only below his knees. Tylar investigated the truck's license plate number and determined that Jones was the truck's registered owner. Jones' eyes were bloodshot and glassy, and a moderate odor of alcohol was on his breath. His speech was slurred. The driver's side of the truck was covered in mud—especially the gas and brake pedals. Only a small amount of mud was on the passenger side floor. Jones had mud all over his clothing and boots, and Boyd did not have any mud on her. Boyd's shoes were "bleach white," and her dark slacks were not muddy. According to Tylar's incident report, Boyd told Tylar that Jones was driving in the field. Boyd also made a written statement indicating that Jones was driving the truck in the field.

From his observations of Boyd's and Jones' appearance, the mud in the vehicle, and Boyd's statements, Tylar concluded that Jones had been driving the pickup in the field. When Tylar told Jones of his conclusion, Jones denied driving that

night. Tylar arrested Jones for damaging property and drove him to the Pettis County Jail.

At the jail, Tylar administered two sobriety tests. Jones failed a horizontal gaze nystagmus test. During a one-leg stand test, Jones swayed and used his arms for balance. Tylar read Jones the Implied Consent Law to Jones. Initially, Jones said he wanted to speak to a lawyer, and Tylar informed Jones that he would have 20 minutes to contact a lawyer. After Jones asked some questions, Tylar read the Implied Consent Law to Jones again. Jones agreed to take the breath test and signed the alcohol influence report indicating that he did not want to contact a lawyer. Tylar administered a breath test to Jones. The test indicated that Jones' blood alcohol concentration was .101 percent.

The director revoked Jones' driving license under Section 302.505 for driving a motor vehicle with a blood alcohol concentration of at least .08 percent. Jones filed a petition for a trial *de novo* with the circuit court. After a trial, the circuit court found that, although Tylar had probable cause to stop Jones for driving while intoxicated, the evidence was insufficient to prove by a preponderance of the evidence that Jones was driving the vehicle. The director appeals.

The director asserts that substantial circumstantial evidence established that Jones was driving the truck in the field.[1] The director relies on evidence that (1) Jones was the truck's registered owner, (2) the driver's side of the truck, especially the brake and gas pedals, were covered in

mud, (3) Jones had mud all over his clothing and boots, (4) Boyd did not have any mud on her, and (5) Jones' statement to Tylar that he had been standing in the rain for 20 minutes was improbable.

■ That Jones was the truck's registered owner certainly does not establish that Jones was driving the truck in the field. Indeed, when Tylar stopped the truck, Jones was not driving it. Boyd was. Boyd's driving Jones' truck contradicts the director's contention that it was "more likely that [Jones] would drive his own vehicle."

■ That Jones was the only one of two individuals in the truck covered in mud and that the driver's side of the truck was covered in mud also does not establish that Jones was driving the truck in the field. We agree that mud on the driver's side of the truck may establish that Jones was on that side of the vehicle at some point, it does not establish that he was driving. As the circuit court concluded, "It creates an inference of the possibility that he was driving the automobile at that time. The possibility remains that he merely sat on that side of the vehicle without operating it." Although the director asserts that the circuit court impermissibly speculated that Jones merely sat in the driver's seat but did not drive, such an inference based on the evidence is not unreasonable. The circuit court is free to rely on reasonable inferences from the evidence in determining whether a party has met its burden of proof. *Testerman v. Director of Revenue*, 31 S.W.3d 473, 483

---

1. The circuit court found that Boyd's written and oral statements to Tylar that Jones was the driver in the field were admissible to establish probable cause but were inadmissible to prove that Jones was driving. *See Molthan v. Dir. of Revenue*, 32 S.W.3d 643 (Mo.App.2000). At trial, the director called

Boyd as a witness, but Boyd invoked her rights against self-incrimination guaranteed by the Fifth Amendment to the U.S. Constitution. The director does not contest the circuit court's ruling that Boyd's statements were inadmissible to establish that Jones was the driver of the truck in the field.

(Mo.App.2000), *overruled on other grounds by Verdoorn v. Director of Revenue*, 119 S.W.3d 543 (Mo. banc 2003). " '[A]n inference need not be justified beyond all doubt and is not precluded by a mere possibility that the contrary may be true[.]' " *Id.* (citation omitted).

Moreover, that Tylar found Jones' story that he had been standing in the rain for 20 minutes improbable in light of his being wet below the knees does not establish that Jones was driving the truck while in the field. The circumstantial evidence in this case simply does not establish that Jones was driving the truck when it drove in circles in the field.

The director argues that, because Jones did not testify at trial, we should draw an inference that anything he would have said at trial would have been unfavorable to him and that we should presume that he was driving the truck in the field. The director, however, failed to meet its burden of establishing by a preponderance of the evidence that Jones was driving a vehicle pursuant to the circumstances set out in Section 302.505. As the circuit court concluded, "The failure of [Jones] to testify could not be considered as independent evidence of a fact otherwise [unproven.]"

We affirm the circuit court's judgment.

JOSEPH M. ELLIS, Presiding Judge, and HAROLD L. LOWENSTEIN, Judge, concur.